## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**LAPRINCE STEPHENS,**<br><br>**Defendant.** | **Case No.** 23-cr-265 (RDM) |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

Mr. Stephens is a forty-six-year old man who has been committing crimes in our community for the last twenty-five years.   He has assaulted people, robbed people, and possessed guns and drugs.   He has received short sentences and periods of probation in the past, all of which he squandered.   At trial in this matter, the Government presented evidence that Mr. Stephens possessed two additional illegal firearms, and a jury convicted him with respect to the possession of one of those firearms. He possessed these firearms while on court-ordered supervision.   Indeed, the second firearm he illegally possessed while awaiting trial for the first illegal firearm.   A significant sentence of incarceration is required to indicate to Mr. Stephens that his continued criminality is wrong.   For all of the following reasons, the Government requests a sentence of thirty-three months' imprisonment followed by three years of supervised.

### BACKGROUND[1]

The following was proven at trial in this matter.

---

[1] The Government dismissed additional charges against Mr. Stephens prior to trial and is not requesting that the Court consider any of those charges or the underlying conduct in sentencing Mr. Stephens.

### *The January 6, 2019 Offense*

On January 6, 2019, Metropolitan Police Department (MPD) officers responded to reports that two men were tampering with a vehicle in front of 2230 Savannah Terrace SE. The caller provided descriptions of two men. When officers arrived, they found two men matching the descriptions walking away from a dark BMW. Mr. Stephens was one of these men. One of the windows of the BMW was smashed, and the ignition had been punched. After conducting an initial investigation, the officers released Mr. Stephens.

After releasing Mr. Stephens, officers found a black Glock 17 9x19 semi-automatic pistol loaded with one 9mm round in the chamber and ten rounds in the magazine. Swabs were collected from the recovered firearm. A DNA profile was developed from the swabs and compared to a profile of Mr. Stephens' DNA. The DNA profile developed from the swabs of the firearm were 321 octillion times more likely if the DNA originated from LaPrince Stephens and two unknown, unrelated individuals than if the DNA originated from three unknown, unrelated individuals. The DNA profile developed from the swabs of the magazine were 872 quintillion times more likely if the DNA originated from LaPrince Stephens and two unknown, unrelated individuals than if the DNA originated from three unknown, unrelated individuals.

### *The August 9, 2023 Offenses*

On August 24, 2023, Stephens was arrested based on a valid arrest warrant outside of the same apartment complex where the prior offense took place. A search incident to arrest of Stephens recovered a loaded handgun. Specifically, in Stephens' waistband, officers recovered a Smith and Wesson SD40 VE loaded with one round in the chamber and nine rounds in the magazine.



Mr. Stephens was indicted on six counts in relation to the above offenses as well as an additional offense.  Prior to trial, the Government dismissed all but two counts: Count One (related to the January 2019 firearm possession) and Count Four (related to the August 2023 firearm possession).  Following trial in this matter, Mr. Stephens was found guilty of Count Four (related to the August 2023 offense) but acquitted of Count 1.

### *The Pre-Sentence Investigation Report*

The Pre-Sentence Investigation Report (PSIR) summarizes Mr. Stephens' personal and criminal history.  *See* ECF No. 63.  Mr. Stephens is forty-six and was born and raised in Washington, D.C.  PSIR at ¶¶ 64-65.  He reported having a "problematic" childhood, as his mother passed away from HIV and she struggled with addiction. PSIR at ¶ 67.  He also reported experiencing violence and trauma as a child.  PSIR at ¶¶ 67-68. Mr. Stephens reported that he has been selling drugs since he was 17.  PSIR at ¶ 68.  Mr. Stephens has a history of marijuana and alcohol abuse.  PSIR at ¶ 79.  Mr. Stephens completed through the 10th grade in school and later obtained his GED.  PSIR at ¶ 83.  Mr. Stephens has worked sporadically at a number of

companies as a laborer.   PSIR at ¶¶ 87-90.

### *Mr. Stephens' Criminal History*

Mr. Stephens' first criminal conviction came at age 20 in 1999 where he pled guilty to Possession with Intent to Distribute Cocaine.   PSIR at ¶ 33.   He was sentenced initially to a suspended sentence, but his probation was revoked based on a subsequent arrest and thirty-nine failed drug tests.   *Id.*   While on probation for that offense, he was convicted of robbery in Prince George's County and sentenced to a partially suspended sentence.   PSIR at ¶ 34.   He was once again not successful on probation, as he was arrested and charged with assaulting a woman on two separate occasions, once with a knife, and another time with a firearm.   PSIR at ¶ 35.   Mr. Stephens was sentenced to probation which he once again violated with a subsequent arrest, this time for assaulting other individuals with a firearm. PSIR at ¶ 36.   Despite yet again receiving the benefit of a suspended sentence, Mr. Stephens re-offended. PSIR at ¶ 38. He was arrested during a traffic stop in Fauquier County, Virginia, and found to be in possession of cocaine and marijuana. *Id.* He was sentenced to another suspended sentence.   Mr. Stephens once again violated the conditions of his release when he was found to be operating a vehicle while intoxicated.   PSIR at ¶ 39.   During his arrest he made racial slurs at the police officer and threatened to shoot him.   *Id.* Mr. Stephens was on probation for that offense when he committed the first of the two offenses with which he was charged here.

### **ARGUMENT**

Although the Sentencing Guidelines are advisory, under *United States v. Booker*, a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that while the Guidelines provide "the starting point and the initial

benchmark" for sentencing, the district court should consider all the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). The Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108–09 (2007).

The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for –
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
>>> (i) issued by the Sentencing Commission . . .; and
>>> (ii) that, . . . are in effect on the date the defendant is sentenced; . . .
>
> (5) any pertinent policy statement –
>> (A) issued by the Sentencing Commission . . . and
>> (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

But the Sentencing Guidelines are only "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). They "are not the only consideration." *Id.* A sentencing judge "should . . . consider all of the § 3553(a) factors," and "[i]n so doing, . . . may not presume

that the Guidelines range is reasonable." *Id.* at 50. "[I]t is not error for a district court to enter sentencing variances based on factors already taken into account by the Advisory Guidelines, in cases in which the Guidelines do not fully account for those factors, or when a district court applies broader § 3553(a) considerations in granting the variance." *United States v. Ransom*, 756 F.3d 770, 775 (D.C. Cir. 2014) (citation and internal quotation marks omitted). In doing so, "the district court can rely on hearsay as evidence for its findings." *United States v. Miller*, 35 F.4th 807, 818 (D.C. Cir. 2022). *See also United States v. Jones*, 744 F.3d 1362, 1368 (D.C. Cir. 2014) ("Clear precedent permits hearsay to be used in sentencing decisions."). And the sentencing court can consider conduct by a defendant that was not charged or even for which a defendant was acquitted. *See United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) ("[L]ong-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proven by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction.").

## THE APPLICABLE SENTENCING GUIDELINES

The PSIR estimates Mr. Stephens' offense level to be 18, based on a base offense level of 14, plus an additional four-point enhancement for the use of the charged firearm in connection with another felony offense. PSIR at ¶¶ 21-31. The Government did not introduce evidence at trial regarding Mr. Stephens' use of the firearm in connection with a felony offense and does not intend to do so at sentencing. Therefore, the appropriate offense level is 14, not 18.   The PSIR calculates Mr. Stephens' criminal history to be category IV based on seven points.   The Government agrees with this calculation. This yields a Guidelines imprisonment range of 27 to 33 months' imprisonment.   Additionally, the PSIR reflects a Guidelines range of one to three years of

supervised release and a fine of $10,000 to $100,000. PSIR at ¶¶ 100, 112. The Government agrees with these calculations.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The Government recommends that the Court sentence Mr. Stephens to 33 months' incarceration followed by three years of supervised release. This sentence reflects the serious nature of Mr. Stephens offenses, the repetitive nature of his crimes, and his history of failing to comply with supervision. At the same time, the requested sentence is a reasonable one, accounting for the fact that on this occasion Mr. Stephens did not use either firearm in a violent manner.

## I.    The Nature and Circumstances of Mr. Stephens Offense.

Mr. Stephens has been convicted of a serious crime:   he was found in possession of one firearm while on supervision for the illegal possession of a different firearm.

While these offenses are possessory offenses, this Court has warned against discounting the inherent danger associated with loaded firearms.   "Illegally possessing a fully loaded concealed firearm with easy, quick access in the front waistband of defendant's pants, while out in public, poses an inherent risk of danger to the community." *Blackson*, 2023 WL 1778194, at *7.  This Court routinely finds that just one such gun poses a danger to the community. *See United States v. Gassaway*, No. 21-cr-550 (RCL), 2021 WL 4206616, at *3 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public).   And this was not just one firearm.   The firearm with which he was arrested was loaded with a round in the chamber. *See United States v. Kent*, 496 F. Supp. 3d 500, 502 (D.D.C. 2020), *aff'd* (Nov. 5, 2020) (finding that a defendant should be detained pretrial in part because "the firearm recovered from the Defendant's person had a round already chambered, making the circumstances even more troubling.")   Furthermore, Mr. Stephens did not keep these firearms

secured at home.  He kept them readily available, in his pocket or in his waistband, where he could readily grab them.

Mr. Stephens' possession of two illegal firearms justifies a significant sentence of incarceration.

## II.     Mr. Stephens' History and Characteristics.

Mr. Stephens' history and characteristics, likewise weighs in favor of a significant sentence.  Mr. Stephens' record is consistent.  He threatens or assaults people.  He possesses firearms.  He possesses drugs.   And he is unsuccessful on supervision or probation.

Mr. Stephens has twice been convicted of drug offenses.   He has convictions for robbery, threats, two assault convictions, and a prior firearm offense.   On one of those occasions, he choked and then used a knife to harm an ex-girlfriend.  On another, he threatened two people with a handgun for the simple transgression of asking him for the time.   And throughout his six prior convictions, he has only once successfully completed probation.   On every other occasion he was revoked to jail time because he could not comply with court-ordered conditions, generally by committing new crimes.

Most telling, is the fact that Mr. Stephens was on pre-trial release for a different firearms charge at the time of the offenses at issue here. His compliance in that matter was marginal even before he was found in possession of yet another firearm.

## III.    The Need for the Sentence Imposed.

The requested sentence is sufficient but no greater than necessary to meet the goals of sentencing. The sentence provides specific deterrence: it will keep our community safe from Mr. Stephens for a significant period of time. It provides general deterrence: it will signal to the community that the possession of illegal firearms is a deadly serious matter and hopefully deter

others from doing so. And it provides an opportunity for Mr. Stephens to reflect on the serious and repetitive nature of his crimes.

Mr. Stephens has received lenient sentences in the past:    short periods of incarceration or even suspended sentences.    Those sentences have not deterred him.    Despite the opportunities and second chances he has been given, Mr. Stephens continues to arm himself.    Prior prison sentences, court supervision, the threat of rearrest have done nothing to deter him.    Mr. Stephens is almost fifty. He no longer has the excuse of youth or impulsiveness. The requested sentence of thirty-three months is a reasonable one that secures the goals of justice.

## **<u>CONCLUSION</u>**

For all the foregoing reasons, the Government respectfully requests that the Court impose a sentence of thirty-three months of incarceration followed by three years of supervised release.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:        _/s/ Cameron A. Tepfer_
Cameron A. Tepfer
N.Y. Attorney No. 5248208
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
202-258-3515
Cameron.Tepfer@usdoj.gov